# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3627

_____

| | | |
|---|---|---|
| James L. DeNoyer, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Duane Rogers, | * | **[UNPUBLISHED]** |
| | * | |
| Appellee. | * | |

_____

Submitted: March 5, 2002
Filed: March 29, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

James L. DeNoyer was detained at the Nobles County Jail from November 30, 1997, to August 18, 1998. In this 42 U.S.C. § 1983 action, DeNoyer claims that Jail Administrator Duane Rogers was deliberately indifferent to DeNoyer's serious medical needs when he delayed dental treatment for a painful abscessed tooth, failed to obtain follow-up treatment for a persistent ear infection, and failed to obtain

medical diagnosis of chest pains. The district court[1] granted Rogers summary judgment, and DeNoyer appeals. After de novo review of the record, we affirm.

None of DeNoyer's medical conditions turned out to be serious. The dental problem was resolved when the abscessed tooth was extracted in early January. The ear infection went away when treated again at DeNoyer's next prison facility. And the chest pains were a false alarm. Thus, DeNoyer is seeking § 1983 damages of $1,000 per day for the imperfect treatment of conditions that caused him some pain and discomfort and that *might have been* serious medical needs. In these circumstances, his claim is, in essence, that Rogers was negligently inattentive to an inmate's complaints of medical needs, not that Rogers was deliberately indifferent to an inmate's constitutional right to essential medical care.

But in any event, the district court correctly noted that DeNoyer did not expressly and unambiguously plead his intent to sue Rogers in his individual capacity. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Because DeNoyer offered no proof that his allegedly deficient medical treatment resulted from a County policy or custom, the district court properly granted summary judgment dismissing DeNoyer's claim against Rogers acting in his official capacity. See Liebe v. Norton, 157 F.3d 574, 578-79 (8th Cir. 1998). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota, adopting the report and recommendations of the HONORABLE ARTHUR J. BOYLAN, United States Magistrate Judge for the District of Minnesota.